UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __23-MJ-00030-SMM__

FILED BY ___MB___ D.C.
Apr 11, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

IN RE SEALED COMPLAINT

_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _/s/ Diana M. Acosta_
Diana M. Acosta
Assistant United States Attorney
Florida Bar No.: 75185
101 S. US Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: (772) 466-0899
Diana.Acosta@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Diana M. Acosta

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
| | ) Case No. |
| Tyrell Murry Bennett and | ) 23-MJ-00030 |
| Lawrence Oliver Irving, II. | ) |
| | ) |
| Defendant(s) | |

FILED BY __MB__ D.C.
Apr 11, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   between 12/23/22 and 1/16/23   in the county of   Indian River   in the
Southern District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Distribution of a mixture and substance containing a detectable amount of methamphetamine and fentanyl |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☒ Continued on the attached sheet.

_S.A._ /s/
Complainant's signature

DEA Special Agent Cory D. Tomblin
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by videoconference.

Date: April 11, 2023

Judge's signature

City and state:   Fort Pierce, Florida

Shaniek Mills Maynard, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Special Agent Cory Tomblin, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the Drug Enforcement Administration, since March 26, 2022. Prior to my employment with the DEA, I served as a law enforcement officer in Highlands County, Florida, beginning in December of 2009. My experience in illegal drug investigations ranges from making street-level arrests as a patrolman and a drug-detection canine handler to investigating long-term structured drug trafficking organizations as a narcotics detective and a DEA Task Force Officer.

2. I have also supervised illegal drug investigations, as a Detective Sergeant for the Highlands County Sheriff's Office Crime Suppression Unit. As a detective sergeant, I supervised numerous state and federal drug investigations, which included conducting street-level drug arrests, controlled purchases, undercover operations, the use of confidential sources, and Title III wiretap intercept investigations. I have testified in state and federal court proceedings, including but not limited to depositions, probable cause hearings, suppression hearings, grand jury proceedings, jury trials, and sentencing hearings. During my law enforcement career, I have been a case agent and/or assisted and/or supervised hundreds of drug investigations.

3. I have authored, executed, or approved over one hundred search warrants or court orders. I have become familiar with the odor and appearance of both burnt and fresh cannabis. I have been involved in the investigation and dismantling of numerous cannabis-grow operations. I have become familiar with the appearance of all common illegal drugs and the paraphernalia associated with such. I have attended over 2,000 hours of advanced training in law enforcement,

1

the majority of which focused on drug investigations, including clandestine methamphetamine, PCP, LSD laboratories, and fentanyl pill press operations.

4. As a Special Agent, I completed a rigorous seventeen (17) week basic agent training academy, in Quantico, Virginia. The training focused on, but was not limited to, narcotics and dangerous drug investigations and enforcement, asset forfeiture, confidential source management, undercover operations, surveillance, operational planning, firearms, and tactics. Currently, I am assigned to the DEA Port St. Lucie Resident Office in Port St. Lucie, Florida.

5. I am a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of, and to make arrests for, among other things, offenses enumerated in Title 21, United States Code, Sections 841 and 846. .

6. This affidavit is being submitted for the purpose of establishing probable cause that: Tyrell Murry BENNETT ("BENNETT") and Lawrence Oliver IRVING III ("IRVING") distributed a mixture and substance containing a detectable amount of methamphetamine and fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). .

7. The information contained in this affidavit is based upon my personal observations, as well as information provided to me by other law enforcement officers. This affidavit does not include each and every fact known to me, but rather contains sufficient facts to establish probable cause that committed the offenses set forth herein.

## PROBABLE CAUSE

### Controlled Purchase of Methamphetamine on December 23, 2022

8. On December 23, 2022, the Indian River County Sheriff's Office utilized an undercover law enforcement officer (UC) to conduct an audio and video-recorded controlled

2

purchase of 445.2 grams (approximately one pound) of methamphetamine from BENNETT in Vero Beach, Indian River County, Florida.

9. On December 22, 2022, the UC conducted a series of audio-recorded controlled phone calls to BENNETT arranging the controlled purchase for December 22, 2022, at the Super Winner Arcade, located at 900 US Highway 1 South, Vero Beach, Indian River County, Florida.

10. On December 23, 2022, BENNETT arrived at this location driving a white in color 2012 Buick sedan bearing Florida License plate number GZDY93. BENNETT exited the sedan and entered the UC vehicle. BENNETT exchanged 445.2 grams of methamphetamine for $4,500 in US currency. After the drug transaction, both parties left the parking lot.

11. The UC and several other sworn law enforcement officers of the Indian River County Sheriff's Office identified BENNETT, during the controlled purchase, through prior law enforcement interactions and reviewing previous photographs of BENNETT.

12. The controlled purchase from BENNETT was audio and video recorded. I have reviewed this video and it clearly captured BENNETT exchanging methamphetamine for US currency.

13. The suspected methamphetamine was submitted to the DEA lab for testing which confirmed that the substance was methamphetamine actual, with a net weight of 445.2 grams.

14. Based on my training and experience, I know that 445.2 grams of methamphetamine is a distribution quantity of methamphetamine and inconsistent with mere possession for personal use. Methamphetamine currently sells for approximately $200 to $400 per ounce in Indian River County, Florida. The average user will consume .25 to 0.5 grams at one time.

### Controlled Purchase of Fentanyl on December 29, 2022

15. On December 29, 2022, the Indian River County Sheriff's Office's UC conducted a controlled audio and video-recorded purchase of 6.7 grams of powder fentanyl from BENNETT and IRVING in Vero Beach, Indian River County, Florida for $700 for US currency.

16. On Thursday, December 29, 2022, the UC conducted a series of preserved text messages to BENNETT to arrange the controlled purchase. The agreed-upon location for the controlled purchase was again at the Supper Winner Arcade, located at 2024 US Highway 1 South, Vero Beach, Indian River County, Florida.

17. BENNETT arrived at the location driving a white 2012 Buick sedan bearing Florida License plate number GZDY93. BENNETT exited the sedan and entered the UC vehicle. BENNETT and the UC talked for a short period of time. BENNETT told the UC he was waiting on his source of supply of fentanyl.

18. IRVING entered the parking lot driving a white in color 2009 Chevrolet sedan bearing Florida License Plate number D9ETR (registered to IRVING). BENNETT exited the UC vehicle and briefly entered IRVING's vehicle, before returning to the UC vehicle. Once inside, BENNETT exchanged 6.7 grams of powder fentanyl for $700 of US currency. After the exchange, BENNETT returned to his vehicle and left the parking lot.

19. The UC and several other sworn law enforcement officers of the Indian River County Sheriff's Office identified BENNETT and IRVING, during the controlled purchase, based prior law enforcement interactions and viewing previous photographs of IRVING and BENNETT.

20. I reviewed the video of the controlled purchase and it clearly captured BENNETT selling the powder fentanyl in exchange for US currency.

21. An analysis of the subpoenaed cellphone carrier service records, for the cellular telephones identified as being utilized by BENNETT and IRVING, show communications between these cellular telephones, consistent with arranging the delivery of the powder fentanyl.

22. The suspected fentanyl was submitted to the DEA lab for testing, which confirmed that the substance was fentanyl, with a net weight of 6.7 grams.

23. Based on my training and experience, I know that 6.7 grams of powder fentanyl is a distribution quantity of fentanyl, and inconsistent with mere possession for personal use. Powder fentanyl currently sells for approximately $50 - $150 per gram, in Indian River County, Florida, and the average dose of powder fentanyl for personal use is 0.1 – 0.2 grams, often referred to as "point(s)."

### Controlled Purchase of Fentanyl on January 10, 2023

24. On January 10, 2023, the Indian River County Sheriff's Office UC conducted an audio and video-recorded controlled purchase of 40.9 grams of powder fentanyl from BENNETT and his source of supply, IRVING, in Vero Beach, Indian River County, Florida for $3,400 of US currency.

25. Between January 9 and January 10, 2023, the UC conducted a series of preserved text messages and recorded phone calls to BENNETT to arrange the controlled purchase. The agreed-upon location for the controlled purchase was the Winn-Dixie Supermarket parking lot, located at 2950 9th Street, Vero Beach, Indian River County, Florida.

26. Law enforcement was monitoring BENNETT's cellphone activity through a lawfully obtained trap and trace warrant. BENNETT contacted IRVING several times before confirming the meet location with the UC.

27. Before the controlled purchase, BENNETT and IRVING were both being monitored by air and ground surveillance. For the safety of the UC, surveillance units arrived at

the location before the UC. Surveillance units observed IRVING enter the Winn Dixie parking lot driving a white in color 2009 Chevrolet sedan bearing Florida License Plate number D9ETR (registered to IRVING). Shortly afterwards, BENNETT arrived in a black in color Mazda sedan.

28. BENNETT exited his vehicle and entered IRVING's back seat. The UC arrived during this time. BENNETT exited IRVING's car and entered the UC vehicle.

29. Inside of the UC vehicle, BENNETT exchanged 40.9 grams of powder fentanyl with the UC for $3,400 of US currency. BENNETT exited the UC vehicle and walked directly to IRVING's car. BENNET is only inside the vehicle momentarily before returning the Mazda.

30. Surveillance units followed BENNETT and IRVING leaving the parking lot. When surveillance units could clearly see BENNETT inside the vehicle, they placed a phone call to him. IRVING was seen answering the phone, thus verifying that IRVING was in control of the phone that BENNETT was using to contact the UC during the coordination of the controlled purchase.

31. The UC and several other sworn law enforcement officers of the Indian River County Sheriff's Office identified BENNETT and IRVING during the controlled purchase, based on prior law enforcement interactions and by viewing previous photographs of BENNETT and IRVING.

32. The controlled purchase from BENNETT was audio and video recorded. I have reviewed this video and it clearly captured BENNETT exchanging fentanyl for US currency.

33. The suspected fentanyl was submitted to the DEA lab for testing which confirmed that the substance was fentanyl with a net weight of 40.9 grams.

34. Based on my training and experience, I know that 42.6 grams of powder fentanyl is a distribution quantity of fentanyl, and inconsistent with mere possession for personal use. Powder fentanyl currently sells for approximately $50 - $150 per gram in Indian River County,

Florida, and the average dose of powder fentanyl for personal use is 0.1 – 0.2 grams, often referred to as "point(s)."

### Controlled Purchase of Methamphetamine on January 16, 2023

35. On January 16, 2023, the Indian River County Sheriff's Office UC conducted an audio and video-recorded controlled purchase of 224.8 grams (approximately half-of-one-pound) of methamphetamine from BENNETT and IRVING in Vero Beach, Indian River County, Florida

36. During this timeframe, law enforcement was monitoring BENNETT's cellphone activity, through the use of a lawfully obtained trap and trace warrant. Between January 15 and January 16, 2023, the UC conducted a series of audio-recorded controlled phone calls and preserved text messages to BENNETT, arranging the controlled purchase. However, the amount of the purchase was not mentioned, until the morning of the January 16, 2023. After being told the purchase amount, BENNETT told the UC he would have to contact his supplier at 11:30 AM. Between 11:30 AM and 11:38 AM, BENNETT exchanged a series of text messages between himself and IRVING and himself and the UC. At 11:42 AM, on a recorded phone call, BENNETT and the UC agreed to meet at the Walgreens, located at 5285 US Highway 1, Vero Beach, Indian River County, Florida.

37. During the exchange of text messages, surveillance was being conducted on BENNETT and IRVING. At 11:54 AM, BENNETT left his residence. Surveillance followed him to IRVING's residence, located at 4921 27th Avenue, Vero Beach, where he arrived at 12:22 PM. IRVING exits his home and sits in BENNETT's car. At 12:29 PM, a blue in color pickup truck parked in front of IRVING's home. IRVING walked to the passenger side of the pickup truck and stood in the open door. There was a brief exchange of unknown items and IRVING walked into his house. At 12:37 PM, IRVING exited his house and walked to BENNETT's car. IRVING handed BENNETT something through his open driver's window. BENNETT left IRVING's residence.

7

38. At 12:40 PM, BENNETT arrived at Walgreens, but directed the UC to move to Mattress Firm parking lot, located at 5210 US Highway 1, Vero Beach, Indian River County, Florida.

39. BENNETT exited his vehicle and entered the UC vehicle. BENNETT exchanged 224.8 grams of methamphetamine for $2,400 of US currency. After the transaction, BENNETT exited the UC vehicle and left the parking lot.

40. The UC and several other sworn law enforcement officers of the Indian River County Sheriff's Office identified BENNETT and IRVING, during the controlled purchase, through prior law enforcement interaction and viewing previous photographs of BENNETT and IRVING.

41. The controlled purchase from BENNETT was audio and video recorded. I have reviewed this video and it clearly captured BENNETT exchanging methamphetamine for US currency.

42. The suspected methamphetamine was submitted to the DEA lab for testing which confirmed that the substance was methamphetamine actual with a net weight of 224.8 grams.

43. Based on my training and experience, I know that 224.8 grams of methamphetamine actual is a distribution quantity of methamphetamine, and inconsistent with mere possession for personal use. Methamphetamine currently sells for approximately $200 to $400 per ounce, in Indian River County, Florida, the average dose used for personal consumption is 0.25 – 0.5 grams.

## CONCLUSION

44. Based upon the foregoing, I respectfully submit that there is probable cause that on from December 23, 2022 through and including January 16, 2023, Tyrell Murry BENNETT and

Oliver IRVING III distributed a mixture and substance containing a detectable amount of methamphetamine and fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code 841(a)(1) and 841(b)(1)(C).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

S.A. _____
Cory Tomblin
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this __11th__ day of April, 2023.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE